**Marissa Warren, State Bar No. 249583** - Mwarren@ljdfa.com
**Jason Scupine, State Bar No. 150867** - jscupine@ljdfa.com
**LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES**
**701 North Brand Blvd., Suite 600**
**Glendale, California 91203-9877**
**Telephone (213) 426-3600 • Facsimile (213) 426-3650**

Attorneys for Defendant, GARFIELD BEACH CVS, L.L.C.

**UNITED STATES DISTRICT COURT**

**EASTERN OF CALIFORNIA**

| | |
|---|---|
| BARBARA HOLLINS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GARFIELD BEACH CVS, L.L.C.; CVS PHARMACY, INC.; and DOES TO 20, inclusive,<br><br>　　　　Defendants. | Civil No.: 1:23−CV−00399−NODJ−BAM<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>DISCOVERY CUT-OFF:　　10/21/24<br>MOTION CUT-OFF:　　　11/12/24<br>TRIAL DATE:　　　　　06/17/25<br>ACTION FILED:　　　　01/23/23<br><br>Assigned to BARBARA A. McAULIFFE, CTRM #8, for all purposes including trial |

**<u>STIPULATED PROTECTIVE ORDER</u>**

　　　　The Parties herein agree that the discovery sought in this Action is likely to require the production of certain confidential healthcare, business, commercial, trade secret, personnel, and/or financial information, and that the Parties have a legitimate need to protect the confidentiality of such information. The Parties therefore request that the Court hereby ORDER, ADJUDGE, and DECREE as follows:

　　　　1.　　　A Party producing or propounding written discovery responses or documents that contain trade secrets or other confidential information ("Confidential Information") shall mark such documents with the word "CONFIDENTIAL." Documents so marked are referred to in this Order as "Protected Documents." Except to the extent otherwise permitted by this Order, counsel and every Qualified Person (as defined below) provided copies of or access to Confidential Information and/or Protected Documents

pursuant to this Order shall keep same within their exclusive possession and control and shall take all necessary and prudent measures to maintain the confidentiality of such materials or information and shall not permit dissemination of same to anyone.

2. If a Protected Document is used or marked as an exhibit in a deposition, or if deposition testimony discloses or discusses Confidential Information, counsel shall designate the testimony or exhibit as confidential. Each transcript so designated shall be treated as a Protected Document, and all such testimony so designated shall be treated as Confidential Information, except as otherwise agreed upon by the Parties or ordered. All court reporters and videographers engaged to record and/or videotape depositions in this case will be informed of this Order and will be required to sign an agreement to operate in a manner consistent with this Order.

3. A Party shall not be deemed to have waived any right to designate materials as confidential by allowing inspection of such material prior to a designation of such material as confidential.

4. Under no circumstance may Protected Documents or Confidential Information be used in any other action or for any purposes unrelated to this litigation. Access to Protected Documents and Confidential Information shall be limited to those Qualified Persons designated below.

5. Protected Documents and Confidential Information may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"), subject to the terms set forth in Section 6 herein:

    a. The Parties to this action and their respective employees and agents;

    b. Counsel of record for the Parties and direct employees of such counsel who are materially assisting in the preparation or trial of this action;

    c. Experts and consultants retained by a Party whose assistance is necessary for trial preparation of this specific action;

    d. Under seal to the Court and the Court's employees and staff;

    e. Court reporters and videographers pursuant to Paragraph 2 of this Protective Order; and

    f. Any person mutually agreed upon in writing by all Parties.

///

6. In no event shall any disclosure of Protected Documents or Confidential Information be made to competitors of any Party, or to any other person, corporation or entity who, upon reasonable and good faith inquiry, could be determined to be employees of or consultants for a competitor of any Party, unless they are retained as an expert by counsel for a Party, or unless such competitor of any Party is also itself a Party to this Litigation, in which case disclosure shall be made in accordance with the terms and provisions herein.

7. Before being given access to any Protected Documents or Confidential Information, each Qualified Person (other than the Court) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as Exhibit A, to be bound by and to comply with the terms of this Order. Counsel for each Party shall maintain a list of all Qualified Persons to whom they or their client have provided any Protected Documents or Confidential Information, and that list shall be available for inspection by the Court.

8. Information or documents originating from a non-Party that a designating Party reasonably and in good faith believes is subject to a confidentiality obligation may be designated as Confidential Information or as a Protected Document and shall be subject to the restrictions on disclosure specified in this Protective Order.

9. In the event any Party or non-Party discovers that it has inadvertently produced documents or information that should have been, but was not, designated as a Protected Document or as Confidential Information, the producing Party may designate the documents or information as a Protected Document or as Confidential Information by a subsequent notice in writing specifically identifying the documents or information and furnishing such documents or information with the correct designation, in which event the Parties shall, thereafter, treat such documents or information as a Protected Document or as Confidential Information under this Order, and undertake reasonable efforts to retrieve any previously undesignated documents or information and destroy same.

10. All documents containing, referring to or otherwise disclosing Protected Documents or Confidential Information which a Party wishes to file or otherwise submit to the Court shall be conspicuously marked "CONFIDENTIAL" and filed under seal pursuant to Rule 26 of the Federal Rules of Civil Procedure and/or applicable Court directives for filing same under seal.

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

11. Inadvertent production of documents subject to work product privilege, attorney-client privilege, or other applicable privilege shall not constitute a waiver of the privilege, provided that the producing Party notifies the receiving Party in writing of such inadvertent production. Such inadvertently produced documents, and all copies thereof, shall be returned to the producing Party upon timely request. No use may be made of such documents subsequent to the request to return them. Nothing in this Protective Order shall limit the receiving Party from requesting that the Court order the production of any such inadvertently produced documents, except such request may not be based upon the argument of waiver of said privilege to withhold documents.

12. Within sixty (60) days after the termination of this action by entry of a final judgment or order of dismissal, each Party, each non-Party or other person subject to the terms of this Order, with the exception of the Clerk of the Court, shall destroy Protected Documents or return them to the Producing Party. Outside counsel for each Party may retain copies of pleadings filed in Court, and of deposition and court transcripts or recordings. Upon written request of a Party, the other Party shall confirm compliance with this section in writing.

13. A non-Party may elect to be bound by the terms of this Order by notifying counsel for all Parties in writing and may designate documents and information as Protected Documents or as Confidential Information in the manner set forth in this Order.

14. After the termination of this Action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be a binding and enforceable agreement, and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

15. ~~The Court shall undertake proper measures to preserve the confidentiality of Protected Documents and other Confidential Information used during any hearing or at the trial of this case or which was filed with the Court.~~ BAM To the extent that exhibit lists are filed in this case, the Parties shall, at the appropriate time, address the use and protection of Protected Documents at trial.

16. This Order shall be binding upon the Parties hereto, upon their attorneys, and upon the Parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control.

17. This Order does not constitute a waiver of any Party's right to object to discovery on any ground, including the ground that information sought contains trade secrets or other confidential business information, nor does it constitute an admission or representation by any Party that any document or information designated as CONFIDENTIAL is in fact a trade secret or contains confidential financial, proprietary, or business information.

18. Nothing in this Order shall constitute a waiver of any Party's right to object to the designation of a particular document as confidential. If a Party contends that any document has been erroneously, unreasonably or inappropriately designated "CONFIDENTIAL," it shall nevertheless treat the document as confidential unless and until it either (a) obtains written permission from the Party that designated the document as confidential to do otherwise, or (b) obtains an Order of this Court stating that the document is not confidential.

The foregoing Agreed Protective Order has been reviewed and consented to by the following counsel of record.

LaFOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

Date: February 6, 2024        By: _____
                                   JASON SCUPINE
                                   Attorneys for Defendant, GARFIELD BEACH CVS, L.L.C.


BAUMAN LAW APLC

Date: February 6, 2024        By:        */s/ Estivi Ruiz*
                                   ESTIVI RUIZ, ESQ.
                                   Attorneys for Plaintiff, BABARA HOLLINS

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, do declare and state as follows:

1. My address is _____

_____.

2. I have read the Stipulated and Agreed Protective Order entered in this case, a copy of which has been given to me.

3. I understand and agree to comply with and be bound by the provisions of the Order, including that upon receipt of any Confidential Information or Protected Document, I will be personally subject to it, and to all of its requirements and procedures. Specifically, I acknowledge and agree that I hereby submit to the personal jurisdiction of the Court solely as it relates to my ongoing compliance with the terms of the Protective Order entered in this matter on _____.

4. Further, I declare as provided by 28 U.S.C. §1746, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this \_\_\_\_ day of _____, 2024, at _____.

_____

Printed name: _____

CERTIFICATE OF SERVICE

STATE OF CALIFORNIA          ]
                             ]  ss.
COUNTY OF LOS ANGELES        ]

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES, 701 North Brand Blvd., Suite 600, Glendale, California 91203-9877.

    I hereby certify that on February 6, 2024, I caused all of the pages of the foregoing documents described as **STIPULATED PROTECTIVE ORDER** to be electronically filed with the United States District Court, EASTERN District of California by using the CM/ECF system.  I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system regarding the case of BARBARA HOLLINS v. GARFIELD BEACH CVS, L.L.C., et al., Court Case No. 1:23−CV−00399−NODJ−BAM, Our Matter No. 06541.43703 MAW.

Shaun J. Bauman, Esq.
Estivi Ruiz, Esq.
Bauman Law APLC
24003A Ventura Blvd., 2nd Floor
Calabasas, CA 91302-1447
Phone: 818-285-0222
Fax: 818-285-0224
Email: info@bauman.law
estivir@bauman.law; PatileB@Bauman.Law
Attorney for Plaintiff, BABARA HOLLINS

    I declare under penalty of perjury under the law of the United States of America that I am employed by a member of the Bar of this Court and that the forgoing is true and correct.

    Executed on February 6, 2024, at Lakeland, Florida.

                                  TRACY KAPOCIUS

## **ORDER**

Having considered the above stipulation and finding good cause, the Court adopts the signed stipulated protective order.

The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to the protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

Additionally, the parties shall consider resolving any dispute arising under the protective order according to the Court's informal discovery dispute procedure.

IT IS SO ORDERED.

Dated:   **March 5, 2024**              /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE